UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

SANDRA K. JOHNSTON Ph. D.
and PAUL M. NIGL,

                    Plaintiffs,

        vs.                                                     Case No. (to be assigned)

                                                                18  C  882
CATHY JESS, JON LITSCHER,
EDWARD WALL, MICHAEL MEISNER,
STEVEN SCHUELER, ANDREW WESNER
DAISY CHASE, GARY ANKARLO, RANDALL
HEPP, WISCONSIN DEPARTMENT OF SAFETY
AND PROFESSIONAL SERVICES DIVISION OF
LEGAL SERVICES AND COMPLIANCE,
MATTHEW WALLOCH, CODY WAGNER,
WISCONSIN PSYCHOLOGY EXAMINING
BOARD, and DANIEL SCHROEDER, in their
individual capacities.

                    Defendants.

## COMPLAINT

        This is a civil rights action to redress the deprivation, under color of state law, of rights secured

by the Constitution and laws of the United States, and laws of the State of Wisconsin.

### I. JURISDICTION AND VENUE

        1.      Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(a)(3)

and (a)(4), and 1367(a) of Title 28, and Sections 1983 and 1988 of Title 42 of the United States Code.

        2.      The United States District Court for the Western District of Wisconsin is an appropriate

venue under the provisions of Sections 1391(b)(1) and (b)(2) of Title 28 of the United States Code.

### II. PLAINTIFFS

        3.      Plaintiff Paul M. Nigl (Nigl) is a citizen of the State of Wisconsin and was at all times

mentioned herein a prisoner in custody of the Wisconsin Department of Corrections (DOC). He is

currently confined at Fox Lake Correctional Institution (FLCI) – located at 10237 Lake Emily Road, Post Office Box 200, Fox Lake, Wisconsin 53933-0200.

4.      Plaintiff Sandra K. Johnston Ph. D. (Johnston) is a citizen of the State of Wisconsin and former employee of DOC at the Division of Adult Institutions (DAI or Central Office). She is currently located at 1370 Great Plains Dr., Apt. #2, Neenah, Wisconsin 54956.

### III. DEFENDANTS

5.      Defendant Cathy Jess (Jess) is a citizen of the State of Wisconsin and employed by DOC – located at Post Office Box 7925, Madison, Wisconsin 53707. She is the current Secretary of DOC, responsible for the overall administration and operation of DOC.

6.      Defendant Jon Litscher (Litscher) is a citizen of the State of Wisconsin and was employed by DOC – located at Post Office Box 7925, Madison, Wisconsin 53707. At all times mentioned herein he was Secretary of DOC, responsible for the overall administration and operation of DOC.

7.      Defendant Edward Wall (Wall) is a citizen of the State of Wisconsin and was employed by DOC – located at Post Office Box 7925, Madison, Wisconsin 53707. At all times mentioned herein he was Secretary of DOC, responsible for the overall administration and operation of DOC.

8.      Defendant Michael Meisner (Meisner) is a citizen of the State of Wisconsin and employed by DOC – located at Post Office Box 7925, Madison, Wisconsin 53707. At all times mentioned herein he was Warden of Redgranite Correctional Institution (RGCI), responsible for the overall operation of RGCI, including implementing all DOC policies and directives, as well as all state and federal legislative and judicial mandates.

9.      Defendant Steven Schueler (Schueler) is a citizen of the State of Wisconsin and employed by DOC – located at Post Office Box 7925, Madison, Wisconsin 53707. At all times mentioned herein he was the Security Director and responsible for security operations within RGCI.

10.      Defendant Andrew Wesner (Wesner) is a citizen of the State of Wisconsin and employed by DOC – located at Post Office Box 7925, Madison, Wisconsin 53707. At all times mentioned herein he

2

was the Investigative Captain at RGCI, and was responsible for investigating all disciplinary charges and crimes within RGCI.

11.    Defendant Daisy Chase (Chase) is a citizen of the State of Wisconsin and employed by DOC – located at Post Office Box 7925, Madison, Wisconsin 53707. At all times mentioned herein she was Corrections Unit Supervisor at RGCI and responsible for review and approval, or disapproval, of recommendations in offender visitor reviews.

12.    Defendant Gary Ankarlo (Ankarlo) is a citizen of the State of Wisconsin and was employed by DOC – located at Post Office Box 7925, Madison, Wisconsin 53707. At all times mentioned herein he was Psychological Director at Central Office and responsible for the immediate supervision of Johnston.

13.    Defendant Randall Hepp (Hepp) is a citizen of the State of Wisconsin and employed by DOC – located at Post Office Box 7925, Madison, Wisconsin 53707. At all times mentioned herein he was Warden of FLCI and responsible for its overall operation, including implementing all DOC policies and directives, as well as all state and federal legislative and judicial mandates.

14.    Defendant Department of Safety and Professional Services Division of Legal Services and Compliance (DSPS) is an agency of the State of Wisconsin – located at Post Office Box 7190, Madison, Wisconsin 53707-7190. At all times mentioned herein DSPS was responsible for opening and investigating the licensing complaints made against Johnston, and for the supervision of its employees.

15.    Defendant Matthew Walloch (Walloch) is a citizen of the State of Wisconsin and employed as an investigator for DSPS – located at Post Office Box 7190, Madison, Wisconsin 53707-7190. At all times mentioned herein he was responsible for the investigation of the licensing complaints made against Johnston.

16.    Defendant Cody Wagner (Wagner) is a citizen of the State of Wisconsin and employed as attorney for DSPS – located at Post Office Box 7190, Madison, Wisconsin 53707-7190. At all times mentioned herein he was responsible for drafting the Stipulation In The Matter of Disciplinary Proceedings against Sandra K. Johnston Ph.D.

3

17.     Defendant Wisconsin Psychology Examining Board (Board) is an agency of the State of Wisconsin – located at Post Office Box 8366, Madison, Wisconsin 53708-8366. At all times mentioned herein Board was responsible for adopting the Stipulation and for the supervision of Wagner.

18.     Defendant Daniel Schroeder (Schroeder) is a citizen of the State of Wisconsin and employed by Board – located at Post Office Box 8366, Madison, Wisconsin 53708-8366. At all times mentioned herein he was responsible for adopting the Stipulation.

19.     Defendants are sued in their individual capacities. At all times mentioned herein each defendant acted in concert – under the color of state law – with willful, wanton, reckless, negligent, and intentional disregard for plaintiffs' state and constitutional rights.

IV. FACTS

20.     From March 29, 2001 to September 30, 2015, Nigl was confined at Waupun Correctional Institution (WCI). From September 30, 2015 to June 27, 2018, he was confined at RGCI. On June 27, 2018, he was transferred to FLCI.

21.     From April 22, 2013 to January 10, 2015, Johnston was employed as a clinical psychologist in the Psychological Services Unit at WCI, where she met Nigl.

22.     On January 10, 2015, Johnston separated from DOC employment at WCI and began employment with the Department of Health and Human Services (DHHS) at the Wisconsin Resource Center – which is not a DOC facility.

23.     On January 12, 2015, Nigl sought Johnston's personal information from his brother, Scott Nigl. On that date, she was no longer a DOC employee.

24.     Nigl subsequently contacted Johnston through written correspondence with the intent to associate with her for the exercise of shared religious beliefs and an intimate relationship. He then began to contact her on a regular basis via telephone, emails, and continued written correspondence, as permitted by DOC.

25.     On July 12, 2015, Johnston was rehired by DOC at Central Office in Madison, Wisconsin.

4

26.     On July 13, 2015, Johnston attempted to submit a "fraternization policy exception request" (DOC-2270) to Ankarlo in order to be allowed to associate with Nigl without committing a violation of Executive Directive 16.

27.     On July 13, 2015, Ankarlo refused to process the DOC-2270 and forward it to the appointing authority as required by Executive Directive 16.

28.     On September 30, 2015, Nigl was transferred to RGCI.

29.     On October 23, 2015, Wesner placed Nigl in temporary lockup (TLU) pending investigation.

30.     On October 26, 2015, Johnston was placed on administrative leave by Jess pending an internal investigation.

31.     On October 29, 2015, Johnston's employment was terminated due to an alleged violation of Executive Directive 16.

32.     In November 2015, Johnston submitted form DOC-21AA applying for placement on Nigl's approved visitors' list.

33.     In November 2015, RGCI social worker Joli Grenier – who is not a named defendant in this action – informed Nigl that she was recommending denial of DOC-21AA.

34.     In November 2015, Nigl sent correspondence to Chase requesting review and approval of DOC-21AA.

35.     On November 30, 2015, Chase filed a false and unjustified conduct report (#2733013) against Nigl.

36.     On December 18, 2015, Wesner filed a false and unjustified conduct report (#2733030) against Nigl.

37.     Schueler reviewed and approved the dispositions of the conduct reports.

38.     Nigl contacted both Meisner and Hepp requesting that they act unilaterally, in accordance with Wisconsin Administrative Code § DOC 303.89 to correct the dispositions. Both were unwilling to provide relief.

39.     In October 2016, Nigl contacted Wall informing him of Meisner's failure to correct the dispositions. Wall ignored Nigl's correspondence.

40.     In 2015, 2016, and 2017, Meisner filed three false and unjustified professional licensing complaints against Johnston with DSPS.

41.     Walloch investigated the licensing complaints. Walloch failed to disclose to Johnston that she was entitled to appear with an advocate to assist her during the initial interview; refused to allow her an *in camera* inspection of any evidence regarding the matter at the initial interview; mischaracterized statements made by her; and, used intimidation and coercion to force her into agreeing to a stipulation that was injurious to her.

42.     On August 12, 2016, Wagner recommended Board adopt a stipulation and issue a final decision and order.

43.     On August 25, 2016, Schroeder filed a Final Decision and Order, with the attached Stipulation, and presented it to Board and DSPS for their review and approval.

44.     On August 25, 2016, Board and DSPS subsequently agreed to, approved of, and adopted the terms and conditions set forth within the Final Decision and Order.

45.     On August 25, 2016, in accordance with the Final Decision and Order, Johnston's license to practice psychology in the State of Wisconsin was suspended for one year.

46.     Johnston filed a professional licensing complaint against Ankarlo with DSPS with an attached statement in which she detailed his unprofessional conduct creating a hostile work environment and sexual harassment of her. Johnston gave several examples of his behavior including "from the first day of [their] professional relationship [he] took an unusually personal interest in [her,]" "his overt attempts to control [her] and date [her]," and "he stopped [her] and hugged [her]" in addition to other unwanted and unrequited sexual advances causing her to be "uncomfortable at times."

EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

47.     As Johnston is a non-prisoner, there are no administrative remedies available to the exhaustion requirements. Nigl, however is a prisoner and brings this civil rights action for retaliation, *not*

6

discrimination. Accordingly, he was not required to file an inmate complaint relating to the alleged retaliation.

48.    Johnston served a notice of injury and claim upon the Attorney General.

## VI. LEGAL CLAIMS

49.    Plaintiffs reallege and incorporate paragraphs 1-48 by reference as if fully set forth herein.

50.    Defendant's actions against Johnston and Nigl constituted, by definition, retaliation for exercising their protected right to freedom of association under the Constitution of the United States.

51.    Defendant's actions against Johnston created a hostile work environment, constituted sexual harassment, and she was wrongfully terminated for exercising her protected right to freedom of association, and privacy under the Constitution and laws of the United States.

52.    Defendant's actions against Johnston constituted negligent and intentional infliction of emotional distress, and defamation in violation of the laws of the State of Wisconsin.

53.    As a direct result of the actions of defendants, Johnston suffered significant harm, including but not limited to, irreparable injury to her career and professional reputation; loss of income, wages, and benefits; emotional pain and distress; anxiety and depression; and, public humiliation.

54.    As a direct result of the actions of defendants, Nigl suffered significant harm, including but not limited to, loss of general liberty and privileges; loss of wages; emotional pain and distress; anxiety and depression; and, public humiliation.

55.    Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiffs have been irreparably injured by the conduct of the defendants.

## VII. PRAYER FOR RELIEF

WHEREFORE, Johnston and Nigl pray that this Court enter judgment:

56.    Grant Johnston and Nigl a declaration that the acts and omissions described herein violated their rights under the Constitution and laws of the United States, and the State of Wisconsin.

7

57.   Granting Johnston and Nigl compensatory damages – the amount to be determined by the jury – against each defendant, jointly and severally.

58.   Grant Johnston and Nigl punitive damages – the amount to be determined by the jury – against each defendant, jointly and severally.

59.   Grant Johnston back and front pay in lieu of reinstatement.

60.   Grant Johnston and Nigl recovery of all costs pertaining to this suit, and

61.   Grant any additional relief this Court deems just, proper and equitable.

### VIII. JURY DEMAND

62.   Johnston and Nigl reallege and incorporate paragraphs 1-61 by reference as if fully set forth herein.

63.   Johnston and Nigl demand a jury trial on all issues deemed as such.

### IX. VERIFICATION

64.   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge and as to the facts that I do not have personal knowledge, I presume them to be true.

Dated this 19th day of October, 2018.

Respectfully submitted,

Paul M. Nigl, #280834
Fox Lake Correctional Inst.
W10237 Lake Emily Road
Post Office Box 200
Fox Lake, WI 53933-0200

Pro se for Plaintiff

Sandra K. Johnston Ph. D.
1370 Great Plains Dr., Apt. #2
Neenah, WI 54956
(920) 505-0513
johnssk777@gmail.com

Pro se for Plaintiff

8