IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDRA K. JOHNSTON, PH. D,

                                ORDER

          Plaintiff,

                             18-cv-882-bbc

      v.

CATHY JESS, EDWARD WALL, MICHAEL MEISNER,
MATTHEW WALLOCH, CODY WAGNER, DANIEL
SCHROEDER, DAVID ROSS and JOHN AND JANE
DOES 1-5,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Sandra Johnston is proceeding on claims that various state officials violated her rights to freedom of intimate association and procedural due process under the Fourteenth Amendment when they terminated her employment and suspended her psychological license for one year. Before the court is plaintiff's objection to the March 7, 2019 screening order, dkt. #26, and her request for me to intervene to help her fiancé in a different lawsuit in this court. Dkt. #28. I am denying both requests for the reasons explained below.

Plaintiff's objection to the screening order relates to her claims against defendant Michael Meisner, the warden of the Red Granite Correctional Institution, whom she alleges filed false licensing complaints against her after he learned about her personal relationship with inmate Paul Nigl. Plaintiff contends that I should have allowed her to proceed on a claim that Meisner retaliated against her for exercising her right "to enter into and maintain

1

an intimate human relationship under the due process clause of the Fourteenth Amendment." Dkt. #26 at 3. However, plaintiff has been granted leave to proceed on a freedom of intimate association claim under the due process clause of the Fourteenth Amendment that Meisner and other defendants took actions that led to the suspension of plaintiff's psychological license for one year. Although I did not use the term "retaliation" in the order, I noted in the opinion that plaintiff alleged sufficient facts to suggest at this early stage that Meisner interfered with her constitutional right because of her intimate relationship with Nigl. Dkt. #18 at 7-10. Accordingly, plaintiff's motion will be denied.

In an ex parte letter to the court, plaintiff explains that Nigl has been helping her in this case, as well as representing himself in a separate lawsuit, but that he has been denied access to the law library, his thumb drive and a printer. She asks that I contact prison officials and direct them to remove these restrictions so that Nigl can move forward on both lawsuits. I will deny the request. Nigl is not and cannot act as plaintiff's attorney. Similarly, plaintiff does not have the authority to submit filings or request relief on behalf of Nigl. If Nigl is having difficulties in his own case, he must contact either defense counsel or the court on his own behalf.

ORDER

IT IS ORDERED that plaintiff Sandra Johnston's objection to the March 7, 2019

screening order, dkt. #26, and her request that I intervene to help Paul Nigl in a separate

lawsuit, dkt. #28, are DENIED.

Entered this 22d day of April, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge