IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDRA K. JOHNSTON, PH. D,

                OPINION AND ORDER

      Plaintiff,

                18-cv-882-bbc

      v.

CATHY JESS, MICHAEL MEISNER,
MATTHEW WALLOCH, CODY WAGNER,
DANIEL SCHROEDER, DAVE ROSS, DEDE
MORGAN and SANDRA HAUTAMUKI,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Sandra Johnston is proceeding on claims that various state officials violated her rights to freedom of intimate association and procedural due process under the Fourteenth Amendment when they terminated her employment and suspended her psychological license for one year. Before the court is defendants' motion under Federal Rule of Civil Procedure 37(a) to compel plaintiff to respond to their first request for discovery. Dkt. #54. For the reasons below, I am granting the motion to compel.

OPINION

On September 20, 2019, defendants served their first set of discovery to plaintiff, including (1) two interrogatories related to employment applications she has made since January 1, 2015 and the nature and scope of her damages claims; and (2) seven requests for production of documents related to her requested relief for lost income and mental anguish. Dkt. #55-1. Plaintiff responded on September 24, 2019, objecting to the discovery as overly

1

broad and improperly seeking confidential financial information. Dkt. #55-2. After unsuccessful attempts to confer with plaintiff in good faith, defendants filed their motion to compel, seeking a court order directing plaintiff to respond to the outstanding discovery requests by December 2, 2019 or face dismissal of her claims. Plaintiff responded to the motion, arguing that she had until November 15, 2019 to respond to defendants' second set of discovery and that the first set of discovery is premature because the requested information and documents have nothing to do with liability. Dkt. #59. (Plaintiff also filed with the court her response to defendants' second set of discovery, in which she raises a similar objection, stating that "[i]f Defendants are found to be liable, counsel can seek the requested information at that time." Dkt. #60 at 2.)

As defendants point out, plaintiff's deadline for responding to their *second* set of discovery is not relevant to the instant motion, which addresses their *first* set of discovery. In addition, there are not separate or bifurcated discovery periods for liability and damages. Rather, Federal Rule of Civil Procedure 26(b) allows parties to discover evidence during the discovery period set by the court that is relevant to any claim or defense in the lawsuit, including damages. Defendants' requests for information about plaintiff's applications for employment, claims for damages, W-2s, tax returns and social media postings relating to the allegations in this lawsuit are relevant and subject to discovery requests. Therefore, I am granting defendants' motion to compel and directing plaintiff to provide by December 6, 2019, full and complete responses to the interrogatories and requests for production of documents that defendants served on September 20, 2019.

ORDER

IT IS ORDERED that defendants' motion to compel plaintiff to respond to their first request for discovery, dkt. #54, is GRANTED.  Plaintiff Sandra Johnston shall have until December 6, 2019 to file full and complete responses to defendants' first set of interrogatories and requests for production of documents.

Entered this 18th day of November, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge