IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDRA K. JOHNSTON, PH. D,

                                Plaintiff,

          v.

CATHY JESS, MICHAEL MEISNER,
MATTHEW WALLOCH, CODY WAGNER,
DANIEL SCHROEDER, DAVE ROSS,
DEDE MORGAN and SANDRA HAUTAMUKI,

                          Defendants.

OPINION AND ORDER

18-cv-882-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Sandra Johnston is proceeding on claims that various state officials violated her rights to freedom of intimate association and procedural due process under the Fourteenth Amendment when they terminated her employment and suspended her psychological license for one year.  Before the court are several discovery-related motions filed by the parties:  (1) defendants' motion to compel plaintiff to produce documents and signed authorizations to obtain records related to her receipt of Social Security disability benefits after her employment ended with the Department of Corrections, dkt. #86; (2) plaintiff's motion to supplement her brief in opposition to defendants' motion to compel, dkt. #94; (3) plaintiff's motion for a protective order and contemporaneous motion to seal her private medical and financial information, dkts. ##89 and 92; and (4) plaintiff's motion for leave to file 25 additional interrogatories, dkt. #93.

Plaintiff's motion to supplement her opposition brief will be granted.  For the reasons below, defendants' motion to compel will be denied without prejudice with respect to

plaintiff's Social Security records and granted with respect to plaintiff's medical records regarding her physical condition.  To the extent that plaintiff has any privileged mental health records, she will not be ordered to produce them at this time.  Plaintiff's motion for a protective order and related motion to seal also will be denied without prejudice to the parties seeking court assistance after first making a good faith effort to resolve the issues raised in those motions.  Finally, because defendants do not oppose plaintiff's request to file additional interrogatories and have already responded to those interrogatories, plaintiff's motion for leave to conduct further discovery will be denied as moot.

OPINION

A.  <u>Defendants' Motion to Compel</u>

1.  <u>Background</u>

On May 13, 2020, defendants served their third request for production of documents on plaintiff, asking for copies of her Social Security Administration and Medicare records, including her social security number, current monthly benefit amounts, Medicare entitlements from January 1, 2016 to May 1, 2020, applications for benefits, award and denial notices, appeals, questionnaires, doctor reports, determinations, and consultative examinations.  Dkt. #87-1.  Defendants also asked plaintiff to sign an authorization to release her Social Security records.  Plaintiff responded on May 13, 2020, providing only some income information.  Dkt. #87-2 at 3.  She objected to the discovery of her medical history as excessive and intrusive.  Dkt. #87-2 at 2.

Defendants' attorney, Gesina Carson, explained in subsequent emails to plaintiff that the Social Security records were needed because plaintiff had stated at her deposition that she was claiming damages for lost wages for her lifetime and was unable to answer any medical-related disability determination questions. Dkt. #87-2 at 2-3. Carson noted that if plaintiff were willing to stipulate that she was not seeking damages after the date she applied for disability benefits, defendants would not need any records beyond the application confirming the application date. Id. Although plaintiff sent emails on May 15 and 21, 2020, in which she suggested that she might be willing to seek lost wages only up until the time she applied for disability benefits (from October 2015 to February 2019), the parties did not further discuss or reach an agreement with respect to plaintiff's lost wages claim. See dkt. #87 at ¶¶ 8-9; dkt. #87-2 at 1; dkt. #87-3.

On May 27, 2020, defendants served their third request for interrogatories and fourth request for production of documents, seeking information regarding the medical care, treatment and services that plaintiff received after leaving her employment with the Department of Corrections in October 2015, and requesting that plaintiff sign a general release to obtain her medical records. Dkt. #87-4. Plaintiff refused to answer the interrogatories or sign the medical release on the ground that her privacy in the information requested was protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and irrelevant to her claims. Dkt. #87-5. Although defendants' counsel attempted to confer with plaintiff in subsequent emails, plaintiff continued to assert her right to privacy. Dkt. #87-6.

On June 1, 2020, defendants filed their motion to compel, seeking a court order directing plaintiff to respond to the outstanding discovery requests. Plaintiff filed a response and supplemental response to the motion, arguing that the requested Social Security information and documents have nothing to do with her damages claim, that her medical records are private and that defense counsel is harassing her. Dkt. ##88, 91, 94. (As noted above, I am granting plaintiff's motion to supplement her opposition brief and have considered her additional filing.)

In her briefs in response to defendants' motion to compel, plaintiff makes it clear that she is seeking damages for the loss of her job, lost wages, loss of reputation and the permanent loss of her career as of October 28, 2015, dkt. #88 at 3, and that she is "willing to stipulate to specific time frames for the amount of damages she seeks," dkt. #94 at 1. In light of plaintiff's past emails to defendants' counsel, it appears that plaintiff may be seeking lost wages (back and front pay) only from the last date of employment up until the time she applied for disability benefits (or from October 2015 to February 2019), but this is not entirely clear. Dkt. #87-2 at 1; dkt. #87-3; dkt. #88-1 at 12. Plaintiff also mentioned her intent to seek compensatory damages for the emotional and psychological pain that she has experienced and will continue to experience in the future. Dkt. #88-1 at 12. Therefore, it appears that plaintiff's claim for damages includes lost income (back pay and front pay), loss of future earning capacity and emotional distress.

2. <u>Social Security records</u>

Under Federal Rule of Civil Procedure 26(b)(1), defendants are permitted to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  The question here is not one of admissibility, but whether defendants should be permitted to conduct discovery into plaintiff's Social Security records.  <u>Estate of DiPiazza v. City of Madison</u>, 2017 WL 1828920, at *2 (W.D. Wis. May 5, 2017).  <u>See also</u> <u>Northwestern Memorial Hospital v. Ashcroft</u>, 362 F.3d 923, 930 (7th Cir. 2004) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

As defendants point out, plaintiff's ability to secure and engage in subsequent employment is relevant to her claim for lost wages because even a wrongfully-terminated employee must mitigate her damages by making a diligent search for comparable employment.  <u>Franzen v. Ellis Corp.</u>, 543 F.3d 420, 430 (7th Cir. 2008).  Specifically, plaintiff's receipt of Social Security benefits could suggest that there were periods in which she was not able to work, and therefore would not have received any pay at all.  <u>Stragapede v. City of Evanston</u>, 125 F. Supp. 3d 818, 828 (N.D. Ill. 2015) (citing <u>Flowers v. Komatsu Mining Systems, Inc.</u>, 165 F.3d 554, 557-58 (7th Cir. 1999)) ("If there were times during the back-pay period in which the discharged employee could not work at all due to his disability. . ., the reviewing court must excise those periods from the back-pay award.").  In fact, the Court of Appeals for the Seventh Circuit has held that "[t]he court can consider statements made on the applications for benefits and doctors' representations in support of

5

the applications, keeping in mind that the ultimate issue is whether during the relevant period of time for which back pay is sought [plaintiff] could have performed [her] duties." Flowers, 165 F.3d at 557-58.

Therefore, if plaintiff is claiming damages for lost wages during any period of time for which she was awarded and received disability benefits, her Social Security records are relevant and discoverable. If, however, plaintiff is limiting her lost wages claim to the period of time during which she did not receive disability benefits, her full Social Security Administration file would not be relevant. In that case, defendants would be entitled to records, such as plaintiff's application for benefits, that verify the date she applied for benefits and the date on which her benefits began to accrue.

Because the scope of plaintiff's lost wages claim is unclear, I will deny without prejudice defendants' motion to compel plaintiff's Social Security records and direct the parties to confer in good faith about the scope of plaintiff's lost wages claim and the records relevant to that claim. If the parties are unable to reach an agreement by July 24, 2020, defendants may provide the court a status report and renew their motion to compel production of plaintiff's Social Security records. Plaintiff will be given an opportunity to respond at that time.

3. Medical records

Although a plaintiff has a constitutional interest in protecting the confidentiality of her medical records, that interest may be waived when the plaintiff files suit against

6

defendants alleging claims that place her medical condition at issue.  Brown v. Picknell, 2019 WL 4118788, at *2 (E.D. Wis. Aug. 29, 2019); Ammons v. Gerlinger, 2007 WL 5659413, at *2 (W.D. Wis. Mar. 12, 2007).  Plaintiff points out that she is not seeking any damages associated with a physical condition.  However, she is seeking damages for the alleged emotional distress and loss of future earning capacity, which "compensate[s] an employee for a lifetime of diminished earnings resulting from the injury to professional standing, character, and/or reputation caused by the discrimination." Elestwani v. Nicolet Biomedical, 2005 WL 2035078, at *1 (W.D. Wis. Aug. 23, 2005) (citing Williams v. Pharmacia, Inc., 137 F.3d 944, 952 (7th Cir.1998)).

Defendants contend that plaintiff's medical records are relevant because any physical disability or pre-existing medical condition that plaintiff is suffering from could affect her emotional health, and they cannot be held liable for emotional damages and loss of future earning capacity that were caused by such a condition.  Defendants are correct, and plaintiff's medical records concerning her physical condition are relevant to her damages claim.  Although plaintiff is correct that her medical records are private and confidential, "[i]f a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." Doe v. Oberweis Dairy, 456 F.3d 704, 718 (7th Cir. 2006).

To the extent that plaintiff is arguing that her medical records are privileged, and therefore not discoverable under Rule 26(b)(1), she is mistaken, at least to the extent that it concerns her general health care records.  Because this case arises under federal and not

state law, it is federal law that governs whether plaintiff is entitled to assert that her medical records are undiscoverable because they are privileged.  Fed. R. Evid. 501 (state law governs privilege only in case in which state substantive law applies).  Although the United States Supreme Court has recognized a psychiatrist-patient privilege, Jaffee v. Redmond, 518 U.S. 1, 10 (1996), there is no federal common law physician-patient privilege.  Northwestern Memorial Hospital, 362 F.3d at 926 (finding no federal common law privilege for non-mental health records, even concerning sensitive areas such as abortion).  In addition, the Court of Appeals for the Seventh Circuit has held expressly that HIPAA does not create a physician-patient or medical records privilege.  United States v. Bek, 493 F.3d 790, 802 (7th Cir. 2007).  Accordingly, plaintiff's medical records regarding her physical disability or condition are discoverable, sensitive though they may be.  Ammons, 2007 WL 5659413, at *2 (finding same).  Plaintiff shall have until July 31, 2020, to file full and complete responses to defendants' first set of interrogatories and fourth request for production of documents related to the medical care, treatment and services that she received for any *physical* condition after leaving her employment with the Department of Corrections in October 2015.

It is not clear whether defendants are requesting, or whether plaintiff even has, mental health records that would be considered privileged under Jaffee.  (The privilege set forth in Jaffee "encompasses licensed psychiatrists, psychotherapists, social workers, or other like counselors," but does not prevent disclosure of the dates of plaintiff's treatment or the identity of her psychotherapists.  Avina v. Bohlen, 2015 WL 1756774, at *2 (E.D. Wis. Apr.

16, 2015) (citing <u>Santelli v. Electro-Motive</u>, 188 F.R.D. 306, 310 (N.D. Ill. 1999)).  In any event, the parties should be aware that many courts in this circuit, including this one, have held that "[c]laimants willing to limit their emotional distress claim to the negative emotions that they experienced as the intrinsic result of the defendant's alleged conduct have avoided waiving their psychotherapist-patient privilege and are not required to produce any psychological or medical records."  <u>EEOC v. Area Erectors, Inc.</u>, 247 F.R.D. 549, 553 (N.D. Ill. 2007).  <u>See also</u> <u>Taylor v. Chicago</u>, 2016 WL 5404603, at *2 (N.D. Ill. Sept. 28, 2016) (explaining most prevalent approach to balancing privacy rights of plaintiff with defendant's need to obtain information to contest plaintiff's claim).  This type of "garden variety emotional distress" includes the "humiliation, embarrassment, and other similar emotions" a plaintiff may experience as a result of a defendant's conduct, but excludes "any resulting symptoms or conditions that [the plaintiff] might have suffered," including "sleeplessness, nervousness, [and] depression."  <u>Flowers v. Owens</u>, 274 F.R.D. 218, 220 (N.D. Ill. 2011) (citing <u>Santelli</u>, 188 F.R.D. at 309)).  <u>See also</u> <u>EEOC v. Wal-Mart Stores East, LP</u>, 18-cv-783, dkt. #97 at 9-10 (W.D. Wis. Mar. 27, 2020) (adopting same definition); <u>EEOC v. Autozone, Inc.</u>, 2013 WL 12180861, at *4 (E.D. Wis. Aug. 21, 2013) (same).  Courts have explained that such claims involve "generalized insult, hurt feelings, and lingering resentment" that "do not involve a significant disruption of the plaintiff's work life and rarely involves more than a temporary disruption of the claimant's personal life."  <u>Ortiz v. Potter</u>, 2010 WL 796960, at *3 (E.D. Cal. Mar. 5, 2010) (quoting <u>Javeed v. Covenant Medical Center, Inc.</u>, 218 F.R.D. 178, 179 (N.D. Iowa 2001)).  Therefore, "under this

approach, waiver of [the psychotherapist-patient] privilege depends on how plaintiff characterizes her emotional harm—the more extensive and specific the description of the harm (which, presumably, would persuade a jury to award more in damages), the more likely the waiver." <u>Taylor v. Chicago</u>, 2016 WL 5404603, at *2 (N.D. Ill. Sept. 28, 2016).

Therefore, if plaintiff seeks compensation for only the garden variety type of emotional distress described above, her privileged mental health records, if there are any, would not be discoverable.  However, if plaintiff intends to argue that defendant's conduct involved a significant or more than temporary disruption in her personal or professional life, she must waive any privilege that she has in her mental health records.

Because it is not clear whether defendants are seeking plaintiff's mental health records or whether plaintiff is seeking more than garden variety emotional distress damages, I will not order plaintiff to produce any of her privileged *mental health* records at this time. (Plaintiff still must produce and sign a release form for her general medical records.)  I will give the parties until July 31, 2020 within which to confer in good faith about these issues. If the parties fail to resolve the issues, if any, surrounding plaintiff's mental health records by July 31, they may seek further assistance from the court in resolving any disputes that may arise.

### B. <u>Plaintiff's Motions</u>

Plaintiff seeks to prevent defendants from publicly disclosing her private financial and medical information, including her social security number.  As defendants point out, they

are required to redact plaintiff's personally-identifying information in any documents they file with the court.  Rule 5.2 of the Federal Rules of Civil Procedure and Part VI of this court's Electronic Filing Procedures (available at https://www.wiwd.uscourts.gov/electronic-filing-procedures#A._Mandatory_Redaction) require filing users to redact or exclude the following sensitive information in any document filed with the court, "unless such inclusion is necessary and relevant to the case":  Social Security numbers (last four digits allowed if necessary); names of minor children (first and last initials allowed if necessary); dates of birth (birth year allowed if necessary); financial account numbers (last four digits allowed if necessary); and home addresses.  It does not appear at this point that either party has filed a document containing unredacted, sensitive information concerning plaintiff.

Plaintiff's other personal medical or financial information cannot be sealed as a general matter.   Under this court's administrative order no. 337 (available at https://www.wiwd.uscourts.gov/sites/default/files/Admin_Order_337.pdf), documents may be filed under seal only if done pursuant to a protective order "previously entered by the court or a contemporaneous motion to seal."  Perhaps recognizing this requirement, plaintiff has moved contemporaneously for the entry of a protective order to prevent defendants from publicly disclosing information she provided (or will provide) in response to discovery and during her deposition regarding her financial and medical conditions.  As discussed above, defendants are entitled to discover certain information related to plaintiff's damages claims for lost wages, future earning capacity and emotional distress, depending in part on the type of claims that plaintiff is bringing.  Although much of this information is personal, it is not

protected from public disclosure absent a protective order.

Under Federal Rule of Civil Procedure 26(c)(1)(E), the burden is on the moving party—here, plaintiff—to show "good cause" that a protective order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Apart from stressing the private and confidential nature of her medical and financial information, and generally alleging that the "DOJ attorneys" are "taking advantage of her," plaintiff does not explain why she has any reason to believe that defendants and their attorneys are likely to misuse her private information.  However, it is not uncommon for parties to take extra precautions and submit protective orders governing how confidential information may and may not be used.

Therefore, I will direct defendants' attorneys to draft a simple protective order regarding the use of plaintiff's medical and financial information that is disclosed during discovery, and submit the draft to plaintiff for review and comment by July 22, 2020.  If the parties are unable to reach agreement on the contents of the protective order after making good faith efforts to do so, defendants can submit the proposed order to the court, and plaintiff will be given an opportunity to respond.

One final matter deserves attention.  In her response to defendants' motion to compel, plaintiff states that she "has been receiving messages via the court website, but does not have a PACER account, and now cannot read in detail the texts of documents filed."  If plaintiff is continuing to have problems with the electronic filing system, she should contact the clerk's office at the court for assistance.  If plaintiff is not receiving a copy of defendants'

filings or cannot read them, she should contact defense counsel.

ORDER

IT IS ORDERED that

1. Plaintiff Sandra Johnston's motion to supplement her objection, dkt. #94, is GRANTED.

2. Defendants' motion to compel discovery, dkt. #86, is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART:

a. The motion is DENIED WITHOUT PREJUDICE with respect to defendants' third request for production of documents related to plaintiff's Social Security records. The parties shall have until July 24, 2020, within which to confer in good faith about the scope of plaintiff's lost wages claim and the records relevant to that claim. If the parties are unable to reach an agreement by July 24, 2020, defendants may provide the court a status report and renew their motion to compel plaintiff's Social Security records.

b. The motion is GRANTED to the extent that plaintiff shall have until July 31, 2020, to file full and complete responses to defendants' first set of interrogatories and fourth request for production of documents related to the medical care, treatment and services that she received for any *physical* condition after leaving her employment with the Department of Corrections in October 2015.

c. The motion is DENIED WITHOUT PREJUDICE with respect to any treatment or services plaintiff may have received from psychiatrists, psychotherapists, social

workers or other similar counselors.  The parties shall have until July 31, 2020 to resolve any issues, with respect to plaintiff's mental health records, if any, as outlined in this order.

3.  Plaintiff's motion for a protective order and motion to seal, dkts. ##89 and 92, are DENIED WITHOUT PREJUDICE to her renewing them if the parties fail to reach an agreement on a draft protective order after making a good faith effort to do so.

4.  Defendants shall have until July 22, 2020 to submit a draft protective order regarding the use of plaintiff's medical and financial information to plaintiff for her review.

5.  Plaintiff's motion for leave to file additional interrogatories, dkt. #93, is DENIED.

Entered this 2d day of July, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

14